UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-60643-CIV-ALTMAN/Hunt

**ZELDA BRODOWICZ,** *et al.*,
*individually, and on behalf of all others similarly situated,*

    *Plaintiffs,*

v.

**WALMART, INC.**, *et al.*,

    *Defendants.*
_____/

## ORDER

The Plaintiffs filed this putative class action against the Defendants—Virgin Scent, Inc., d/b/a Artnaturals and Walmart, Inc. In their amended complaint, the Plaintiffs allege that the Defendants manufactured, marketed, distributed, and sold hand-sanitizer products that contained dangerously high levels of benzene—without disclosing the benzene to consumers. *See* Am. Compl. [ECF No. 34]. The Defendants have moved to dismiss on various grounds. *See* Motion to Dismiss [ECF No. 43]. Because the Plaintiffs' amended complaint is plainly a shotgun pleading, we **DISMISS** it without prejudice and with leave to amend.[1]

## ANALYSIS

To comply with federal pleading standards, a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The Federal Rules also require plaintiffs to "state [their] claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." FED. R. CIV. P. 10(b).

---

[1] The Defendants' remaining arguments for dismissal are preserved and may be re-raised after the Plaintiffs file a second amended complaint.

As the Eleventh Circuit has explained, a complaint is a shotgun pleading if it:

(1) contains multiple counts where each count adopts the allegations of all preceding counts; (2) is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) fails to separate into a different count each cause of action; or (4) asserts multiple claims against multiple defendants without specifying which defendant is responsible for which act.

*Embree v. Wyndham Worldwide Corp.*, 779 F. App'x 658, 662 (11th Cir. 2019). All shotgun pleadings share two characteristics. *See Dorman v. Palm Beach Cnty.*, 2020 WL 2078527, at *1 (S.D. Fla. Apr. 30, 2020) (Altman, J.). *First*, they "fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015). *Second*, they "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (cleaned up). For both of these reasons, the amended complaint is a shotgun pleading.

*First*, the amended complaint "contains multiple counts where each count adopts the allegations of all preceding counts." The second cause of action, for example, begins with the following sentence: "Plaintiffs re-allege and incorporate the preceding paragraphs as if fully set forth herein." Am. Compl. [ECF No. 34] ¶ 122. And the first paragraph of every subsequent count does the same thing. *See id.* ¶¶ 134, 142, 155, 168, 174, 181, 193, 202. This won't do.[2]

---

[2] In their Response to the Motion to Dismiss, the Plaintiffs tell us that, in the District of New Jersey, "[i]ncorporation by reference of all preceding allegations is such a common pleading technique that the Court does not feel comfortable in affording it the substantive significance that defendant seeks." Response [ECF No. 45] at 17 (quoting *Chin v. DaimlerChrysler Corp.*, 2005 WL 5121812, at *2 (D.N.J. Dec. 5, 2005)). But *Chin* involved a plaintiff who incorporated his *factual* allegations into the causes of action—which is totally appropriate. Here, by contrast, the Plaintiffs incorporate each cause of action into every other cause of action—not appropriate. In any event, we're not in New Jersey, and the Eleventh Circuit does not permit "multiple counts where each count adopts the allegations of all preceding counts." *Embree*, 779 F. App'x at 662.

*Second*, the Plaintiffs "fail to separate into a different count each cause of action." The Plaintiffs' sixth cause of action lists—in a single paragraph that spans more than four pages—fifty-three different state consumer-protection statutes, all followed by bare conclusory allegations like this one: "Defendants have engaged in unfair competition or unfair or deceptive acts or practices." *Id.* ¶ 170. Again, this won't do. The Plaintiffs must separate each cause of action into a separate paragraph, and they must support each cause of action with specific (non-conclusory) factual allegations.

\*   \*   \*

We'll give the Plaintiffs an opportunity to amend their complaint in a manner that's consistent with the Federal Rules, Eleventh Circuit law, and this Order. Accordingly, the Court hereby **ORDERS AND ADJUDGES** as follows:

1. The Motion to Dismiss [ECF No. 43] is **GRANTED in part**.
2. The Amended Complaint [ECF No. 34] is **DISMISSED without prejudice**.
3. The Plaintiffs may file an amended complaint by **June 23, 2022**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 2nd day of June 2022.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record