UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-60643-CIV-ALTMAN/Hunt

**ZELDA BRODOWICZ,** *et al.*,
*individually, and on behalf of all others similarly situated*,

    *Plaintiffs*,

v.

**WALMART, INC.***, et al.*,

    *Defendants*.
_____/

## ORDER

    The Lead Plaintiffs—Zelda Brodowicz, Derek Ellis, and Harold Nyanjom—and the Defendant, Virgin Scent, Inc. d/b/a Artnaturals, Inc., through their respective counsel, and subject to our approval, have agreed to settle this case on a class-wide basis. The Plaintiff filed a Motion for Preliminary Approval of Class Action Settlement [ECF No. 82] (the "Motion"), attaching the parties' Stipulation and Agreement of Settlement (the "Agreement") [ECF No. 82-1], the terms of which (the parties hope) will govern their resolution of this case.[1] Having carefully reviewed the Motion, the Agreement, the record, and the governing law, we hereby **DENY** the Motion *without prejudice*.

    Under FED. R. CIV. P. 23(h), "the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." The following procedures apply to any such award:

> (1) A claim for an award must be made by motion . . . at a time the court sets. Notice of the motion must be served on all parties and, for motions by class counsel, directed to class members in a reasonable manner.

---

[1] (after providing notice to the Class Members and getting our final approval).

1

> (2) A class member, or a party from whom payment is sought, may object to the motion.

FED. R. CIV. P. 23(h)(1)–(2). The Eleventh Circuit has held that "Rule 23(h)'s plain language requires a district court to sequence filings such that class counsel file and serve their attorneys'-fee motion *before* any objection pertaining to fees is due." *Johnson v. NPAS Sols., LLC*, 975 F.3d 1244, 1252 (11th Cir. 2020). This makes sense because, "[w]hile class members may learn from a class notice the all-in amount that counsel plan to request, they would be handicapped in objecting based on the notice alone because only the later-filed fee motion will include the details of class counsel's hours and expenses and the rationale offered for the fee request." *Ibid.*

Since the Eleventh Circuit's decision in *Johnson*, our practice has been to require class counsel to file a motion for attorneys' fees *before* the parties provide written notice of the settlement to class members. *See In re Citrix Data Breach Litig.*, 2020 WL 13389309, at *1 (S.D. Fla. Oct. 1, 2020) (Altman, J.) ("To comply with Rule 23(h), then, the class notice form must include the specific amount of attorneys' fees, costs, expenses, and service awards Class Counsel has sought in its (already-filed) motion for attorneys' fees."); *Sinkfield v. Persolve Recoveries, LLC*, No. 21-cv-80338-RKA (S.D. Fla. July 11, 2022) (Altman, J.), ECF No. 76 at 2 (quoting *In re Citrix* and denying preliminary approval of a class settlement where, under the schedule the parties had proposed, the amount of the fee request wouldn't have been established before the notice was issued). For what it's worth, the Middle District of Florida has done the same thing. *See, e.g.*, *Kuhr v. Mayo Clinic Jacksonville*, 530 F. Supp. 3d 1102, 1110 n.4 (M.D. Fla. 2021) ("In accordance with Eleventh Circuit precedent and Rule 23(h), the Court required Class Counsel to file the Fee Motion prior to the class notice and objection period such that class members had all the information necessary to consider the fee request and decide whether to object." (citing *Johnson*, 975 F.3d at 1252)); *see also Davis v. Dixon*, 2022 WL 1267602, at *2 n.4 (M.D. Fla. Apr. 28, 2022) (same).

Under the deadlines the parties have proposed in our case, class counsel wouldn't be required

2

to file a motion for attorneys' fees until 21 days before the class members' objection deadline. *See* [Proposed] Order Preliminarily Approving Class Settlement [ECF No. 82-5] (the "Proposed Order") ¶ 16 (proposing that the "deadline for Class Counsel to file motion for attorneys' fees, costs, expenses and service awards" be "21 days before objection and opt-out deadline"); *see also id.* ¶ 11 ("Any Settlement Class Member may object to the Settlement, Class Counsel's request for fees and expenses, or the request for service award payments to the Settlement Class Representatives . . . by no later than the Objection Deadline, as specified in the Notice."). And, on the subject of fees, all the class notice form says is that class counsel will seek "[a] maximum of 33%" of the $3,088,000.00 Settlement Fund, rather than a set figure. *See* [Proposed] Class Notice [ECF No. 82-2] at 6. Indeed, since the parties propose that the deadline to object to the *settlement* should be on the same day as the deadline to oppose the *fee request*, we wouldn't have time (before the settlement-objection deadline) to rule on the fee objections—or the fee request. As a result, under the schedule the parties have proposed, the class members would be forced to decide blindly—that is, without any ruling from us on fees—whether to object to the settlement or not. That isn't fair, and it isn't in keeping with *Johnson*'s dictates.

Additionally, the Motion leaves us confused about whether the Plaintiffs intend to seek impermissible incentive payments or service awards. The Motion says: "The Settlement does not provide for service awards to named Plaintiffs Brodowicz, Ellis, and Nyanjom." Motion at 5. But the Settlement Agreement and the Proposed Order refer—multiple times—to service awards or incentive payments for the named Plaintiffs. *See* Settlement Agreement ¶ 4 ("The Aggregate Settlement Fund shall be used to fund . . . (e) incentive payments to the *Brodowicz* Plaintiffs, if any are awarded . . . ."); *id.* ¶ 37 ("Notwithstanding the foregoing, no appeal of an order relating only to Class Counsel's attorney's fees, cost[s], or expenses, or an order related only to incentive fees to the class representatives, shall delay the Effective Date of this Agreement."); *see also* Proposed Order ¶ 5 ("A Final Approval Hearing shall be held . . . to determine, among other things, whether . . . the application

3

of the Settlement Class Representatives for service awards should be approved."); *id.* ¶ 11 ("Any Settlement Class Member may object to the Settlement, Class Counsel's request for fees and expenses, or the request for service award payments to the Settlement Class Representatives[.]"); *id.* ¶ 16 (listing the "Deadline for Class Counsel to file motion for attorneys' fees, costs, expenses and service awards").

We won't approve any settlement that contemplates separate awards to the named Plaintiffs. As the Eleventh Circuit has explained, the Supreme Court has prohibited incentive awards in class action cases. *See Johnson*, 2020 WL 5553312 at *9 (first citing *Trustees v. Greenough*, 105 U.S. 527 (1882) (upholding award of attorneys' fees and litigation expenses to lead plaintiff but rejecting payment for "personal services and private expenses"); and then citing *C. R.R. & Banking Co. v. Pettus*, 113 U.S. 116 (1885) (prohibiting incentive awards because of the conflict of interest they create between class members)). So, while a class representative *may* be reimbursed for the attorneys' fees and costs he or she incurred during the litigation, that named plaintiff *cannot* receive an incentive (or service) award. *See Johnson*, 2020 WL 5553312 at *9. In this case, the Motion defines the award as an "incentive fee . . . for [the Lead Plaintiff's] efforts in pursuing this action[.]" Motion at 9 (emphasis added). This payment thus appears to be precisely the kind of incentive award the Supreme Court has criticized as "decidedly objectionable." *Greenough*, 105 U.S. at 537.

*   *   *

Accordingly, after careful review, we **ORDER AND ADJUDGE** that the Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement [ECF No. 82] is **DENIED** without prejudice. The Plaintiff may file an Amended Motion by **May 29, 2023**.

**DONE AND ORDERED** in the Southern District of Florida on May 3, 2023.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**