UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-60643-CIV-ALTMAN/Hunt

**ZELDA BRODOWICZ,** *et al.*,
*individually, and on behalf of all others similarly situated*,

     *Plaintiffs*,

v.

**WALMART, INC.**, *et al.*,

     *Defendants*.

_____/

## FINAL ORDER AND JUDGMENT APPROVING CLASS ACTION SETTLEMENT AND DISMISSING CASE WITH PREJUDICE

On March 24, 2021, Zelda Brodowicz filed a class action complaint (the "Lawsuit") against Virgin Scent, Inc., D/B/A ArtNaturals, Inc. and Walmart, Inc. (the "Defendants'). She would eventually allege, in her Second Amended Complaint, the following:

> At all times during the period alleged herein Defendants represented and warranted to consumers and others that their Hand Sanitizer Products were comprised of the materials disclosed on the products' labels, and were merchantable and fit for use. Yet, Defendants knowingly, fraudulently, and/or negligently manufactured, labeled, marketed, and/or sold their Hand Sanitizer Products that contained extremely high levels of the carcinogenic substance benzene. Defendants have been unjustly enriched through the sale of these knowingly adulterated and/or misbranded products. Defendants' conduct also constitutes actionable fraud, consumer fraud, negligence, and other violations of law as set forth herein.

Second Amended Class Action Complaint [ECF No. 53] at 3.

Nearly two years later, on January 30, 2023, after extensive arms-length negotiations before two separate mediators, the Plaintiffs and the Defendants notified the Court that they had "reached an agreement in principle to resolve the global hand sanitizer class litigation against Defendants on a classwide basis." Notice of Settlement in Principle [ECF No. 80] at 1. The Plaintiffs subsequently filed

an Unopposed Motion for Preliminary Approval of Class Action Settlement [ECF No. 82], along with the Settlement Agreement [ECF No. 82-1] itself. We denied that initial Motion for Preliminary Approval because it didn't "require class counsel to file a motion for attorney's fee *before* the parties provide written notice of the settlement to class members." Order Denying the Motion for Preliminary Approval [ECF No. 83] at 2 (citing *Johnson v. NPAS Sols., LLC*, 975 F.3d 1244 (11th Cir. 2020)).

The Plaintiffs remedied this deficiency in their Revised Class Action Settlement (the "Settlement") [ECF 84-1] and then submitted their Second Unopposed Motion for Preliminary Approval [ECF No. 84].[1] On May 23, 2023, we granted this Second Motion for Preliminary Approval. *See* Order Granting the Plaintiffs' Unopposed Motion to Direct Class Notice and Grant Preliminary Approval of Class Action Settlement (the "Preliminary Approval Order") [ECF No. 88]. In that Preliminary Approval Order, we, among other things, (i) preliminarily certified (for settlement purposes only) a class of plaintiffs with respect to the claims asserted in the Lawsuit; (ii) preliminarily approved the proposed settlement; (iii) appointed the Class Representatives; (iv) appointed Class Counsel; (v) appointed the Class Administrator; and (vi) set the date and time of the Final Approval Hearing. *See generally ibid.*

In compliance with the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(D), 1453, 1711–15, the Class Administrator served written notice of the proposed Settlement as directed. The Plaintiffs gathered the resulting data and filed their Unopposed Motion for Final Approval of Revised Class Action Settlement (the "Motion for Final Approval") [ECF No. 95]. In that Motion for Final Approval, the Plaintiffs explained that there were no objectors and that only one Class member—Thomas Purciel—had opted out of the Settlement. We held the Final Approval Hearing on September 20, 2023, to determine whether the claims asserted in the Lawsuit satisfy the applicable prerequisites

---

[1] The Plaintiffs also filed an Unopposed Motion for Attorneys' Fees and Costs [ECF No. 85], which we granted in a separate order [ECF No. 89].

for class action treatment and whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interests of the class members. *See* Paperless Minute Entry [ECF No. 97]. Again, we heard from no objectors.

The Parties now request final certification of the settlement class under Rule 23(b)(3) and final approval of the proposed class action settlement. Having read and considered the Settlement, the Unopposed Motion for Final Approval, and the record of these proceedings, the Court hereby **GRANTS** the Motion for Final Approval [ECF No. 95] and **ORDERS AND ADJUDGES** as follows:

**JURISDICTION**: The Court has jurisdiction over the subject matter of this lawsuit, all settling parties, and all members of the Settlement Class. *See* 28 U.S.C. § 1332(d)(2).

**CLASS MEMBERS:** Pursuant to Rule 23(b)(3), the Court certifies the Lawsuit, for settlement purposes only, as a class action on behalf of the following class of plaintiffs (the "Class Members") with respect to the claims asserted in the lawsuit:

> "Settlement Class" means All persons in the United States who, since January 1, 2015 to the present, paid any amount of money for a Hand Sanitizer Product that was sold or otherwise distributed by Artnaturals, Inc. Excluded from the Settlement Class are: (1) the judges presiding over this Action, and members of their direct families; (2) the Defendant, its subsidiaries, parent companies, management companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former officers, directors, and employees; (3) Settlement Class Members who submit a valid Request for Exclusion prior to the Opt-Out Deadline.

*See* Order Granting Preliminary Approval [ECF No. 88] at 1.

**CLASS REPRESENTATIVE AND CLASS COUNSEL APPOINTMENT:** Pursuant to Rule 23, the Court certifies Zelda Brodowicz, Derek Ellis, and Harold Nyanjom as class representatives. It also certifies Ruben Honik and David J. Stanoch of Honik LLC, and Conlee S. Whiteley of Kanner & Whiteley, L.L.C., as Settlement Class Counsel. The Plaintiffs and Class Counsel have fairly and adequately represented the Settlement Class and have satisfied the requirements of

Rule 23(g).

**NOTICE TO THE CLASS:** The Notice of Settlement (the "Notice Program") informed the class members of

 i. the nature of the action;

 ii. who is in the certified class;

 iii. the class claims, issues, or defenses;

 iv. the fact that a class member may enter an appearance through an attorney if the member so desires;

 v. the fact that the court will exclude from the class any member who requests exclusion;

 vi. the time and manner for requesting exclusion; and

 vii. the binding effect of a class judgment on members under Rule 23(c)(3).

*See* Motion for Final Approval at 8. The Notice provided to members of the Class meets the standards of due process. Pursuant to Rule 23, the Court hereby finds that the Notice Program provided to the Class Members constitutes due and adequate notice of the Settlement, the Revised Settlement Agreement, these proceedings, and the rights of Class Members to participate, exclude themselves, or object to the Revised Settlement Agreement. Due and adequate notice of the proceedings has been given to the Class Members and a full opportunity has been offered to them to participate in the September 20, 2023 Final Approval Hearing. Therefore, *all* Class Members—except Thomas Purciel—are bound by this Final Order and Judgment.

**FINAL CLASS CERTIFICATION:** The Court finds that the Lawsuit satisfies the prerequisites for class action treatment under Rule 23 for the purposes of this settlement—namely:

 i. The Class Members are so numerous that joinder of all of them would be impracticable;

 ii. There are questions of law and fact that are common to the Class Members, which predominate over any individual questions;

    iii.    The claims of the Plaintiffs are typical of the claims of the Class Members;

    iv.    The Plaintiffs and Class Counsel have fairly and adequately represented and protected the interests of all the Class Members; and

    v.    Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

The Court finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Agreement, is in all respects fundamentally "fair, adequate, reasonable, and not the product of collusion." *Leverso v. SouthTrust Bank of AL, N.A.*, 18 F.3d 1527, 1530 (11th Cir. 1994). We arrive at this conclusion after having considered the Settlement through the lens of the following six factors:

1. The existence of fraud or collusion among the parties in reaching the Settlement;
2. the complexity, expense, and duration of the Lawsuit;
3. the stage of the proceedings at which the Settlement was achieved and the amount of discovery completed;
4. the probability of the Plaintiffs' success on the merits;
5. the range of possible recoveries; and
6. the opinions of Class Counsel, the Class Representatives, and the substance and amount of opposition to the Settlement.

*See Abercrombie v. TD Bank, N.A.*, 2022 WL 18779705, at *3 (S.D. Fla. Dec. 9, 2022) (Martinez, J.) (citing *Leverso*, 18 F.3d at 1530 n.6).

In brief, we find that (1) this Settlement was the product of bona-fide and extensive arm's-length negotiations conducted in good faith between the parties' lawyers and with the assistance of two third-party mediators; (2) the Lawsuit was quite complex given the nature of the products at issue and the multiple Defendants involved (and their insurers); (3) extensive discovery had already taken

place, one motion to dismiss had been adjudicated, and another was pending; (4) the Plaintiffs did not have a high probability of succeeding on the merits given our decision to grant the Defendants' first motion to dismiss, the pendency of a second motion to dismiss, the likelihood of a motion for summary judgment, and the inevitable uncertainties of a jury trial; (5) the $3,088,000 secured by the Settlement is at the upper limits of the amounts recovered in factually similar class action settlements; and (6) the Class Counsel and the Class Representatives support the Settlement, and there is no opposition against it.

**SETTLEMENT TERMS**: The Agreement, which we incorporate here, is finally approved and shall be consummated in accordance with its terms and provisions, except as amended by any order issued by this Court. The material terms of the Agreement include, but are not limited to, the following:

i. Settlement Fund: The Class Administrator shall establish an account for the Aggregate Settlement Fund, into which Virgin Scent and/or its Insurers shall contribute $3,088,000. *See* Settlement Agreement [ECF No. 84-1] at 11.

ii. Settlement Notice and Administration: The Court hereby directs Angeion, the firm retained by Class Counsel as the Claims Administrator, to provide notice to the Class Members of this Settlement and to administer the Settlement itself.

iii. Participating Class Members: Angeion shall distribute the Settlement Fund to participating Class Members as provided in the Settlement.

iv. Attorneys' Fees, Expenses, and Costs of Class Counsel: Any Attorneys' Fees, Costs, and Expenses shall be paid from the Aggregate Settlement Fund, *see* Settlement Agreement [ECF No. 84-1] at 12, pursuant to the terms agreed to by the parties in the Plaintiffs' Unopposed Motion for Attorneys' Fees and Costs [ECF No. 85] and our Order granting that motion [ECF No. 89]. The Defendants shall have no responsibility for, and no liability

whatsoever with respect to, any payment or disbursement of attorneys' fees and expenses among Plaintiffs' counsel. Nor will they bear any responsibility for any allocation of attorneys' fees or expense to any other person or entity who may assert any claim thereto.

**OBJECTIONS AND EXCLUSIONS**: The Class Members were given an opportunity to object to the Settlement. None did so. One person—Thomas Purciel—excluded himself from the settlement. This Order is binding on all Class members except for Thomas Purciel.

**RELEASE OF CLAIMS AND DISMISSAL OF LAWSUIT**: All claims against the Defendants are hereby dismissed with prejudice and without costs to either side (other than as provided in the Settlement). Upon the Settlement Agreement becoming final in accordance with its terms, the Plaintiffs and all members of the Settlement Class hereby release (a) Virgin Scent, together with its current and former parent corporations; direct and indirect subsidiaries; brother or sister corporations; affiliates; divisions; current or former corporate owners, including but not limited to Akiva Nourollah, Yosef Nourollah, Yaakov Nourollah, Yehuda Nourollah, and Osher Netkin; (b) the Insurers (as defined in the Settlement Agreement), and (c) any manufacturer, bottler, distributor, or retail seller of the Hand Sanitizer Products, including Walmart, Inc., irrespective of whether such manufacturer, bottler, distributor, or retail seller is named as a defendant in any lawsuit, from the following: any and all rights, claims, liabilities, actions, causes of action, costs, attorneys' fees, demands, damages, and remedies, known or unknown, liquidated or unliquidated, legal, statutory, declaratory, or equitable, that the Releasing Parties ever had, now have, or may have in the future, that are based upon the same nucleus of fact as the claims in the Class Actions. In addition, the Plaintiffs release any and all claims they have brought, could have brought, or in the future could bring against the Released Parties as of the date of the Settlement, whether known or unknown.

In addition, the Plaintiffs and all members of the Settlement Class expressly waive and relinquish the provisions, rights, and benefits of Section 1542 of the California Civil Code, which

provides: A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY. And any and all provision, rights, and benefits of any similar, comparable, or equivalent state, federal, or other law, rule, or regulation or the common law or equity. The Plaintiffs and each Settlement Class Member may hereafter discover facts other than, different from, or in addition to those that he, she, or it knows or believes to be true and, except as otherwise set forth herein, the Plaintiffs and each Settlement Class Member hereby expressly waive and fully, finally, and forever settle, release, and discharge all known or unknown, suspected or unsuspected, continent or non-contingent Released Claim as of the date of entry of the Preliminary Approval Order, whether or not concealed or hidden, and without regard to the subsequent discovery or existence of such other, different, or additional facts.

**FINAL APPEALABLE ORDER**: This Final Order and Judgment Approving Class Action Settlement and Dismissing Case with Prejudice is hereby entered as a final and appealable order. The Lawsuit is hereby dismissed with prejudice in all respects. This Final Order and Judgment is not, and shall not be construed as, an admission by the Defendant of any liability or wrongdoing in this or in any other proceeding. Without affecting the finality of this Order, the Court hereby retains continuing and exclusive jurisdiction over the Parties and all matters relating to the Lawsuit and/or Agreement, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the settlement and this Order, and the approval of any attorneys' fees, costs, and expenses to Class Counsel.

**DONE AND ORDERED** in the Southern District of Florida on September 27, 2023.

                                          **ROY K. ALTMAN**
                                          **UNITED STATES DISTRICT JUDGE**

cc:    counsel of record